IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARTON POST and** | : | |
| **PATRICIA POST,** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | 2:14-CV-238-CDJ |
| **LIBERTY MUTUAL GROUP, INC.** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**Judge C. Darnell Jones, II**                                                                                  **June 17, 2014**

Pending before the Court is Defendant Liberty Mutual Insurance Group, Inc.'s motion to dismiss Count II of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 16 (Mot. to Dismiss)) After a thorough review of the record, the Court will **GRANT** the motion and **DISMISS** Count II **WITHOUT PREJUDICE** with **LEAVE TO AMEND**.

## BACKGROUND

On April 22, 2014, Plaintiffs Barton and Patricia Post filed a three count amended complaint against Defendant Liberty Mutual Insurance Group, Inc., also known as Liberty Mutual, also known as The First Liberty Insurance Corporation.[1] (Doc. No 14 (Am. Compl.)) The case arises out of Defendant's alleged breach of Plaintiffs' homeowner's insurance policy. The amended complaint alleges that in December 2012, Plaintiffs discovered water leaking into their home, which caused damage to the framing, ceiling, floors and walls. (Doc. No. 14, at 3 (Am. Compl.)) Plaintiffs aver that they promptly filed a claim under their insurance policy, yet

---

[1] In its Motion to Dismiss, Defendant identifies itself as The First Liberty Insurance Corporation. (Doc. No. 16 (Mot. to Dismiss))

1

Defendant denied coverage. (Doc. No. 14, at 4 (Am. Compl.)) Although Defendant took the position that the loss was excluded from the policy, Plaintiffs maintain that the damage is covered and that the exclusions on which Defendant relied for nonpayment are inapplicable. (Doc. No. 14 (Am. Compl.)) Plaintiffs further allege that Defendant neither inspected the damage nor properly investigated the claim.  (Doc. No. 14, at 3 (Am. Compl.))

Plaintiffs bring this suit against Defendant seeking $110,000 in actual compensatory damages for repair costs as well as statutory treble and punitive damages. Count I of Plaintiffs' amended complaint alleges breach of contract. Count II alleges fraudulent and deceptive business practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Stat. Ann. § 201-1 et seq. (1968). Lastly, Count III alleges "bad faith" conduct in violation of the Pennsylvania Unfair Insurance Practices Act. 42 Pa. Cons. Stat. Ann. § 8371 (1990).

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices." 73 Pa. Stat. Ann. § 201-3. The UTPCPL enumerates twenty specific forms of prohibited conduct and contains a catchall provision that forbids "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." § 201-2(4). The statute further creates a private cause of action for "[a]ny person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss . . . as a result of the use or employment by any person of a method, act or practice declared unlawful." § 201-9.2(a). The Pennsylvania Supreme Court has emphasized that the underlying purpose of the UTPCPL is fraud prevention and has instructed courts to "construe [the statute] liberally to effect its object of preventing unfair or deceptive practices." *Commonwealth v. Monumental Properties Inc.*, 329 A.2d 812, 817 (Pa. 1974). Pennsylvania state and federal courts have interpreted the UTPCPL broadly to encompass a wide variety of fraudulent acts, including an insurance company's promise to pay benefits it has no intention of paying. *See Schroeder v. Acceleration Life Ins. Co. of Pa.*, 972 F.2d 41, 46 (3d Cir. 1992).

The UTPCPL does not provide a cause of action for bad faith conduct based solely upon an insurance company's refusal to pay a claim. *Seidman v. Minnesota Mut. Life Ins. Co.*, 40 F.Supp. 2d 590, 595 (E.D.Pa. 1997). The only provision of the UTPCPL that deals specifically with contractual obligations is section 201-2(4)(xiv), which prohibits "[f]ailing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract

for the purchase of goods or services is made." § 201-2(4)(xiv). However, "[i]n Pennsylvania, only *malfeasance*, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes *nonfeasance*, the failure to perform a contractual duty, is not actionable." *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pennsylvania Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988)) (emphasis added).

In the instant case, Defendant contends that Plaintiffs' UTPCPL claim should be dismissed because it is based upon nonfeasance instead of malfeasance. (Doc. No. 16 (Mot. to Dismiss)) Plaintiffs' position is that the allegations set forth within the amended complaint state a claim for malfeasance because they allege more than mere refusal to pay the claim. (Doc. No. 17 (Response in Opposition)) More specifically, Plaintiffs allege that, after providing Defendant with reasonable notice of their claim, Defendant failed to conduct an investigation or inspection of the property and thereby improperly performed contractual obligations to (1) act in good faith and (2) determine the validity of Plaintiffs' claim before denying coverage. (Doc. No. 14, at 4 (Am. Compl.)) Notwithstanding Plaintiffs' attempt to recast its claim as malfeasance, the mere failure to conduct a post-loss investigation, as distinguished from the improper performance of an investigation, constitutes nonfeasance. *See Cake v. Provident Life and Acc. Ins. Co.*, No. Civ.A. 98-4945, 1999 WL 48778, at *2 (E.D.Pa. 1999) (distinguishing unreasonable investigation (malfeasance) with complete failure to investigate (nonfeasance)); *see also Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F.Supp. 616, 621 (W.D.Pa. 1996) ("[T]he mere failure to investigate would be nonfeasance.").

Next, Plaintiffs allege that Defendant engaged in malfeasance by falsely representing the policy's coverage. (Doc. No. 17, at 4-5 (Response in Opposition)) Section 201-2(4)(v) forbids

"[r]epresenting that goods or services have . . . characteristics, . . . benefits or quantities that they do not have." § 201-2(4)(v). Furthermore, section 201-2(4)(ix) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." § 201-2(4)(ix). To state a claim under either of these provisions, "a plaintiff must allege: (1) 'a defendant's representation is false'; (2) 'it actually deceives or has a tendency to deceive'; and (3) 'the representation is likely to make a difference in the purchasing decision.'" *Seldon v. Home Loan Servs., Inc.*, 647 F.Supp.2d 451, 466 (E.D.Pa. 2009) (quoting *Fay v. Erie Ins. Group*, 723 A.2d 712, 714 (Pa. Super. Ct. 1999)) (listing elements for violation of § 201-2(4)(v) and (ix)); *Toy v. Metro. Life Ins. Co.*, 863 A.2d 1, 11 (Pa. Super. Ct. 2004) (requiring reliance to establish false advertising claim under UTPCPL). The amended complaint cites specific language from the insurance policy as well as unidentified advertising documents, which allegedly amount to false and deceptive advertising. (Doc. No. 14, at 3-4 (Am. Compl.)) Nevertheless, Plaintiffs do not set forth any factual allegations that demonstrate their actual reliance on the allegedly false advertising at the time of purchasing the policy, so they have failed to successfully state a claim under either § 201-2(4)(v) or § 201-2(4)(ix).

Plaintiffs also fail to state a claim for unlawful conduct under the UTPCPL's catchall provision, which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." § 201-2(4)(xxi). To succeed under this provision, "a plaintiff must show that he justifiably relied on the [d]efendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Johnson v. MetLife Bank, N.A.*, 883 F.Supp.2d 542, 548 (E.D.Pa. 2012) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (2004))*; see also Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 223-24 (3d Cir. 2008).

Prior to 1996 amendments to the statute, the catchall provision covered only fraudulent conduct, and courts interpreting the statute required proof of the elements of common law fraud. *See Commonwealth v. Percudani*, 825 A.2d 743, 746-47 (Pa. Commw. Ct. 2003). The 1996 amendments to section 201-2(4)(xxi) revised the statutory language to include "deceptive conduct" as well as outright fraud. *Id.* As the law currently stands, a party alleging fraud must allege the elements of common law fraud while a party alleging deceptive conduct does not. 647 F.Supp.2d at 469 ("[I]f a plaintiff alleges deceptive conduct, a plaintiff need not allege the elements of common law fraud, but, conversely, must do so if a plaintiff alleges fraudulent conduct."); *Chiles v. Ameriquest Mortg. Co.*, 551 F.Supp.2d 393, 399 (E.D.Pa. 2008) ("[A]ll elements of common law fraud need not be proven if [p]laintiff alleges deceptive conduct.").[2] The amended complaint alleges both fraudulent and deceptive conduct. (Doc. No. 17, at 4-5 (Response in Opposition)) Therefore the Court must consider both standards.

The elements of common law fraud in Pennsylvania are: (1) a representation; (2) which is material to the transaction in question; (3) made falsely, with knowledge of the falsity or reckless disregard for the truth; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) injury proximately caused by the reliance. *Youndt v. First Nat'l Bank*, 868 A.2d 539, 545 (Pa. Super. Ct. 2005) (quotation omitted).  Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake," although elements pertaining to the offending party's state of mind "may be alleged generally." Fed. R. Civ. P. 9(b). Here, Plaintiffs fail to allege any facts whatsoever

---

[2] There is some uncertainty as to whether a plaintiff must allege the elements of common law fraud to state a claim for deceptive conduct under the UTPCPL's catchall provision. *See Fazio v. Guardian Life Ins. Co.*, 62 A.3d 396, 406 (Pa. Super. Ct. 2012) ("Pennsylvania law regarding the standard of liability under the UTPCPL catchall is 'in flux.'"). Nevertheless, this Court will adhere to the Third Circuit's recent interpretation of the statute in *Belmont v. MB Inv. Partners, Inc.*, which does not require proof of common law fraud when a party seeks to bring a claim under the deceptive conduct prong. 708 F.3d 470, 498 (3d Cir. 2013) (predicting Pennsylvania Supreme Court's interpretation of statutory language).

addressing Defendant's intent and thus fail to state a claim for fraudulent conduct under the catchall provision. Plaintiffs' claims of deceptive conduct suffer from the same deficiency. "Deception, which is very similar to fraud, is defined as '*intentional* misleading by falsehood spoken or acted.'" *Christopher v. First Mutual Corp.*, No. Civ.A. 05-00149, 2006 WL 166566, at *4 (E.D.Pa. Jan. 20, 2006) (quoting Black's Law Dictionary 406 (6th ed. 1990)) (emphasis added). In light of Plaintiffs' failure to plead any factual allegations regarding Defendant's state of mind, their UTPCPL claims must fail.

Lastly, Plaintiffs argue that Defendant's affirmative defenses as set forth in their answer to the complaint constitute unfair trade practices because they are unreasonable defenses. (Doc. No. 14, at 6 (Am. Compl.)) The UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce*." § 201-3 (emphasis added). Section 201-2(3) defines "trade" and "commerce" as "the advertising, offering for sale, sale or distribution of any services and any property . . . ." § 201-2(3). The conduct in question is part of the present litigation and certainly is not within the purview of the UTPCPL. Therefore, Plaintiffs' argument is inapposite.

## CONCLUSION

In light of the foregoing, Defendant's motion to dismiss Count II of Plaintiffs' amended complaint will be **GRANTED** and Count II will be **DISMISSED WITHOUT PREJUDICE.** Because this error may be corrected, the court will **GRANT** Plaintiffs **LEAVE TO AMEND**.

                                               BY THE COURT:

                                               /s/ C. Darnell Jones, II

                                               _____
                                               **C. DARNELL JONES, II   J.**